LA SALLE CASUALTY COMPANY, Plaintiff-Appellant, *v.* FRANCES WILLOUGHBY *et al.*, Defendants-Appellees.

(No. 53694;

First District—March 8, 1971.

Garretson and Santora, of Chicago, (Melvin A. Garretson and Dom J. Rizzi, of counsel,) for appellant.

Clausen, Hirsh, Miller & Gorman, of Chicago, (James T. Ferrini, of counsel,) for appellees.

Mr. JUSTICE LYONS delivered the opinion of the court:

This is an action for declaratory judgment brought by the La Salle Casualty Company, a corporation, for construction of a policy of insurance which it issued naming Helen Del Rio d/b/a Corner Club as the insured. The occurrence with reference to which the construction of the policy is sought resulted in injuries to one Richard Rios, an employee of

the insured. The trial court entered judgment in favor of the defendants and plaintiff has appealed.

Frances Willoughby is the owner of a two story structure located at 10558 Torrence Avenue in the City of Chicago. She leased the grade level store of that building to Helen and George Del Rio for the purpose of their conducting a restaurant and tavern business therein. The lease contained an indemnity agreement which we have heretofore determined required the lessees to indemnify Willoughby for the claim asserted against her by Rios following his injury. (See *Richard Rios v. Laura Willoughby Field, Frances Willoughby; Frances Willoughby, third party plaintiff v. Helen Del Rio and George Del Rio*, third party defendants, No. 53972, also filed today.)

Our holding in that case is determinative of the sole issue before us in the instant appeal, *i.e.*, whether the trial court erred in its determination that the policy of insurance here in question provides coverage for the liability of Helen and George Del Rio to Frances Willoughby. In No. 53972, we determined that Helen and George Del Rio assumed liability to indemnify Willoughby for the claim asserted by Rios following his injury under a lease of premises agreement. That holding requires us to disregard the first two points raised by plaintiff in support of the instant appeal, as they constitute an attempt to again litigate the issue presented and decided in that case. Plaintiff's final argument is dependent upon prior acceptance of either or both of the first two points and must therefore be rejected. Accordingly, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

BURKE, P. J., and GOLDBERG, J., concur.